UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAIQUAN K. FALLS,

            Plaintiff,

-against-

EDWARD EMMET KEENAN, KEENAN AND BHATIA, LLC; SCOTT A. KORENBAUM, LAW OFFICES OF SCOTT A. KORENBAUM,

            Defendants.

25-CV-5874 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who currently is incarcerated at Green Haven Correctional Facility, brings this action, *pro se*, under the court's federal question jurisdiction, alleging that Defendants violated his rights in the course of representing him in a civil matter in this court. Named as Defendants are Edward Emmett Keenan of the law firm Keenan and Bhatia, LLC, and Scott A Korenbaum of the Law Offices of Scott A. Korenbaum. By order dated August 12, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. See 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following facts are drawn from the complaint.[2] Plaintiff Raiquan Falls is also the plaintiff in another civil action currently pending in this court, *Falls v. Pitt*, No. 16-CV-8863 (KMK) (AEK) (S.D.N.Y.). The court in that action granted Plaintiff's motion to request *pro bono* counsel and Defendant Edward Emmett Keenan volunteered to represent Plaintiff for the purposes of a jury trial. The case was set to proceed to trial "sometime in 2024." (ECF 1, at 2.) Plaintiff was later informed that Defendant Scott A. Korenbaum was assigned to assist Keenan. Defendants advised Plaintiff that the trial was scheduled to begin in August 2024, but it was postponed several times due to Judge Karas's trial schedule.

Plaintiff alleges that he and Defendants disagreed on several aspects of legal strategy in the case.[3] Plaintiff asserts that Defendants' main objective was to convince him to settle the case so they could "receive attorney fees or other financial benefit." (*Id.* at 4.) After Plaintiff rejected several of the defendants' settlement offers – communicated to him through the Defendants in this action – Defendants informed Plaintiff that they would be filing a motion to relieve themselves as Plaintiff's attorneys in that action. Plaintiff asserts that he has a right to a trial and that Defendants were "punish[ing]" him for exercising that right by "excessively prolo[n]ging of the trial" and communicating the defendants' settlement offers. (*Id.* at 6.)

Plaintiff attempts to assert federal constitutional claims and claims for legal malpractice.

Plaintiff seeks money damages.

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise. capitalization

[3] The complaint includes details of Plaintiff's discussion with Defendants that are arguably protected by attorney-client privilege. The Court has therefore asked the Clerk of Court to limit viewing of the complaint on the electronic docket to case participants only. For the same reason, the Court will not summarize here the details of Plaintiff's disagreements with Defendants with respect to legal strategy.

## DISCUSSION

**A.     Federal claims**

Although Plaintiff states that his federal constitutional claims arise under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), because he is not suing federal government employees, any constitutional claims would arise under 42 U.S.C. § 1983. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983). As Defendants Keenan and Korenbaum are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants under Section 1983. The Court therefore dismisses Plaintiff's federal constitutional claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

4

**B.     Claims under state law**

Plaintiff's claims for legal malpractice arise under state law. To bring a state law claim in federal court, a plaintiff must either allege facts demonstrating that the court has diversity of citizenship jurisdiction of the action, or, if the plaintiff asserts a viable federal claim, the court can exercise supplemental jurisdiction of the state law claims.

1.     **Diversity of citizenship jurisdiction**

To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where the individual "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.*

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff states that he is currently incarcerated in Green Haven Correctional Facility, which is in the State of New York, but he does not allege where he was domiciled prior to his incarceration. *See Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007) (there is a rebuttable presumption that a prisoner retains his pre-incarceration domicile). While Plaintiff alleges Keenan's law practice maintains offices in the States of New York and Missouri, and that Korenbaum maintains an office in the State of New York, he does not allege the residential address of either of the defendants. Plaintiff therefore does not plead facts demonstrating that the

5

parties are diverse. Moreover, while Plaintiff seeks $1.5 million in compensatory and punitive damages, it is unclear from the facts alleged in the complaint that any legal malpractice claims are worth more than the $75,000 jurisdictional minimum. The Court therefore lacks diversity of citizenship jurisdiction of Plaintiff's state-law legal malpractice claims.

The Court grants Plaintiff leave to replead his legal malpractice claims in an amended complaint that alleges facts demonstrating that the parties are citizens of different states and that his claims are worth more than the $75,000 jurisdictional minimum.

### 2. Supplemental jurisdiction

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court grants Plaintiff 30 days' leave to replead his state law legal malpractice claims in an amended complaint that alleges facts demonstrating that the Court has diversity of citizenship jurisdiction to consider those claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   August 27, 2025
         New York, New York

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.